UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WARNER BROS. RECORDS INC., a Delaware corporation; UMG RECORDINGS, INC., a Delaware corporation; LOUD RECORDS, LLC, a Delaware corporation; SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership; PRIORITY RECORDS LLC, a California limited liability company; and SONY BMG MUSIC ENTERTAINMENT, a Delaware general partnership,<br><br>Plaintiffs,<br><br>v.<br><br>NICHOLAS WEBER,<br><br>Defendant. | Case No.: 1:06-cv-00384-ML-DLM<br><br>Hon. Mary M. Lisi |

**~~[PROPOSED]~~ DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

Based upon Plaintiffs' Application For Default Judgment By The Court, and good cause appearing therefor, it is hereby Ordered and Adjudged that:

1. Defendant shall pay damages to Plaintiffs for infringement of Plaintiffs' copyrights in the sound recordings listed in Exhibit A to the Complaint, in the total principal sum of Six Thousand and Seven Hundred Fifty Dollars ($6,750.00).

2. Defendant shall pay Plaintiffs' costs of suit herein in the amount of Four Hundred and Eighty Dollars ($480.00).

3. Defendant shall be and hereby is enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the following copyrighted sound recordings:

- "One Step Closer," on album "Hybrid Theory," by artist "Bob Seger" (SR# 288-402);
- "Badfish," on album "Second Hand Smoke," by artist "Sublime" (SR# 246-011);
- "Burritos," on album "Sublime," by artist "Sublime" (SR# 224-105);
- "Quiet Storm," on album "Murda Muzik," by artist "Mobb Deep" (SR# 293-229);
- "Crybaby," on album "Rainbow," by artist "Mariah Carey" (SR# 276-595);
- "You Owe Me," on album "Nastradamus," by artist "Nas" (SR# 276-132);
- "Once," on album "Ten," by artist "Pearl Jam" (SR# 137-787);
- "Intro," on album "Tha Last Meal," by artist "Snoop Dogg" (SR# 317-638);
- "Ether," on album "Stillmatic," by artist "Nas" (SR# 305-698);

and in any other sound recording, whether now in existence or later created, that is owned or controlled by the Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs) ("Plaintiffs' Recordings"), including without limitation by using the Internet or any online media distribution system to reproduce (i.e., download) any of Plaintiffs' Recordings, to distribute (i.e., upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Defendant also shall destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and shall

destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

DATED: 3/28/07

By: Mary M. Lisi
Hon. Mary M. Lisi
United States District Judge